FILED
06/05/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Katrina Plain Bull
DV-56-2022-0000542-OC
Fehr, Jessica
3.00

Randall G. Nelson
Thomas C. Bancroft
NELSON LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
rgnelson@nelsonlawmontana.com
tbancroft@nelsonlawmontana.com

Martha Sheehy
SHEEHY LAW FIRM
P.O. Box 584
Billings, MT 59103-0584
(406) 252-2004
(406) 477-5953 Fax
msheehy@sheehylawfirm.com

*Attorneys for Plaintiffs*

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| TOM and CAROL WILLIS, | Cause No. DV-22-0542 |
| Plaintiffs, | Judge Jessica T. Fehr |
| vs. | **FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND** |
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs, Tom and Carol Willis, by and through their attorneys, Nelson Law Firm, P.C. and Sheehy Law Firm, for their Complaint against Defendant state and allege as follows:

1. Tom and Carol Willis ("Willises") are citizens and residents of Billings, Yellowstone County, Montana.

2. Western National Mutual Insurance Company ("Western") is a citizen and

resident of Minnesota conducting the business of property and casualty insurance in the state of Montana.

3. Western insured Cliffton Oppegaard/Premier Builders ("Oppegaard") for auto liability for the period of August of 2019.

4. On August 12, 2019, Oppegaard failed to observe a stop sign and collided with Tom Willis in an intersection in which Willis had the right-of-way. Oppegaard pled guilty to the citation for careless driving.

5. Western, upon notice of the accident, opened Claim No. 1-000045891 ("the claim"). Tom and Carol both asserted tort claims against Oppegaard, and third-party declaratory claims against Western, in *Willis v. Oppegaard and Western*, CV 20-1647, Thirteenth Judicial District, Yellowstone County, Montana, ("the Lawsuit").

6. Crash information revealed that Oppegaard's liability for the Willises' injuries was reasonably clear. Upon initiation of the Lawsuit, Western admitted that liability was reasonably clear.

7. Tom Willis was very seriously injured, sustaining a traumatic brain injury ("TBI") and undergoing multiple surgeries from the accident.

8. Despite continual receipt of the increasing amount of his medical injuries, expenses, and ongoing symptoms, and despite a ruling that Western owed a duty to pay Willis's medical bills, Western failed to do so.

9. Western has reached in to the state of Montana for the purpose of extracting a profit from conducting its insurance business. As such, Western knows it is subject to the laws of the state of Montana.

10. Section 33-18-201, MCA, *et. seq*. requires Western to conduct a reasonable investigation based on all available information, communicate promptly, and to attempt in good faith to effectuate a settlement based on the fair and equitable value of the loss.

11. Montana law requires an insurer to pay causally related medical expenses as they come due, or within a reasonable time after presentation.

12. Western did not comply with the obligation to pay related medical expenses. Western took the position that if another source such as medicaid or private insurance paid the medical expense, it had no obligation to pay the expense.

13. On February 3, 2022, in the Lawsuit, the district court held that Western must pay Oppegaard's medical expenses. Western did not comply with that order promptly or reasonably, but instead forced the Willises to litigate.

14. Western was aware that Medicaid has deducted amounts from Tom Willis's social security benefits as a result of Western's refusal to pay claim-related medical bills. Aware of this information, Western persisted in refusing to pay. After the trial verdict, Western refused to pay the undisputed portion of the judgment, adding six months of delay to the proceedings.

15. As a result of Western's conduct, the Willises have been harmed and incurred damages.

16. Western's conduct was actually malicious or actually fraudulent within the meaning of Montana's punitive damage statute, § 27-1-221, MCA, thus warranting an award of punitive damages consistent with the factors set forth in § 27-1-221(7)(b), MCA.

17. Western acted in conscious disregard of the certainty that its conduct would harm Plaintiffs and others like Plaintiffs, all for the purpose of bringing economic pressure upon them,

leveraging them, and enhancing their own profit and income at Plaintiffs' expense.  The acts, decisions and conduct of Western clearly and convincingly demonstrate actual malice and/or actual fraud, and justify assessment of punitive damages against it for the purpose of disgorging all ill-gotten gains obtained through such wrongful behavior, taking the profit out of unlawful claims handling practice, punishing and making an example of Western sufficient to deter similar fraudulent and malicious behaviors by insurers doing business in Montana, now and forever in the future, all in accordance with the strict procedural and substantive protections afforded by Montana law.

## COUNT I – STATUTORY BAD FAITH

18.     Plaintiffs incorporate paragraphs 1-17 as if fully set forth herein.

19.     From the time of the claim against its insured and throughout the Lawsuit, Western misrepresented the facts of the accident and its own insurance policy provisions relating to coverages at issue in order to avoid or delay payment of claims, in violation of § 33-18-201(1), MCA.  Western claimed that Willis was comparatively negligent for the accident to an extent that his damages would be reduced.  Western asserted that Willis's injuries were age related.  After admitting that Oppegaard's liability was reasonably clear, attempted to twist the court's words and relitigate whether liability was reasonably clear.

20.     From the time of the claim against its insured throughout the Lawsuit, Western refused to pay the Willises' claim, including medical expenses which a court had determined Western was liable, rejecting uncontradicted information in its possession.  Western's refusal to comply with court orders and rejection of information in its possession rendered its investigation unreasonable in violation of  § 33-18-201(4), MCA.

21. Long after Western admitted that Oppegaard's liability was reasonably clear, and long after the court in the Lawsuit determined that liability was reasonably clear, Western failed to attempt in good faith to effectuate prompt, fair and equitable settlement of the claims against Oppegaard, in violation of § 33-18-201(6), MCA.  Western made very few offers in the case, failed to increase its settlement offer as Willis's medical bills increased, and never offered an amount which came close to the verdict entered in the Lawsuit.

22. Western failed to affirm or deny coverage of the claims within a reasonable time after proof of loss in violation of § 33-18-201(5), MCA.  After the district court ruled that liability was reasonably clear and that Western must advance pay medical bills under *Ridley*, Western refused to pay medical bills.  After entry of judgment, Western delayed payment by claiming offsets which were ultimately denied by the district court.  After payment of the judgment, Western filed a moot appeal, delaying resolution of the Lawsuit, to avoid its duties.

23. Western failed to promptly settle the claims against Oppegaard after liability had become reasonably clear in order to influence settlement of portions of the claim in violation of § 33-18-201(13), MCA.  Western made very few offers in the case, failed to increase its settlement offer as Willis's medical bills increased, never offered an amount which came close to the verdict entered in the Lawsuit.  Western delayed payment of the judgment by claiming inapplicable offsets.

24. Western acted with actual fraud and actual malice as defined in § 27-1-221, MCA.  Western is liable for punitive damages pursuant to § 33-18-242(5), MCA.

## COUNT II – COMMON LAW BAD FAITH

25. Plaintiffs incorporate paragraphs 1-24 as if fully set forth herein.

26. Western engaged in a continuing course of tortious conduct, described in the preceding paragraphs, in breach of Western's duty of good faith and fair dealing.

27. Western has violated Montana's common law precedent on insurance bad faith, for which the Willises make claim in amounts to be proven at trial.

WHEREFORE, the Willises pray for judgment as follows:

1. For judgment in favor of Plaintiffs and against Defendant;

2. For an award of compensatory damages;

3. For an award of punitive damages;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury.

DATED this 5th day of June, 2024.

NELSON LAW FIRM, P.C.
SHEEHY LAW FIRM
ATTORNEYS FOR PLAINTIFFS

/s/ Randall G. Nelson
Randall G. Nelson
2619 St. Johns Avenue, Suite E
Billings, MT  59102

# CERTIFICATE OF SERVICE

I, Randall George Nelson, hereby certify that I have served true and accurate copies of the foregoing Complaint - Amended Complaint to the following on 06-05-2024:

Martha Sheehy (Attorney)
P.O. Box 584
Billings MT 59103
Representing: Carol Willis
Service Method: eService

Electronically signed by Kathy Anderson on behalf of Randall George Nelson
Dated: 06-05-2024